■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELPIDIO BATISTA, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered April 20, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felon, to a term of imprisonment of from 4½ to 9 years, unanimously affirmed.

There is no merit to defendant's claim that the jury verdict was against the weight of the evidence because of alleged inconsistencies in the undercover police officer's testimony. The alleged inconsistencies involved matters essentially collateral to the elements of the crime of which defendant was convicted, and they related to credibility alone. The determination of the jury, which heard argument on the alleged inconsistencies but credited the officer's testimony, should not be disturbed on appeal. *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932.)

The trial court's summary denial of defendant's motion to

set aside the verdict on the ground of newly discovered evidence, pursuant to CPL 330.30 (3) was proper, given defendant's failure to establish the prerequisites for such a claim, i.e., that the evidence could not have been discovered before trial by the exercise of due diligence and that the evidence did not merely contradict former evidence introduced by the People *(People v Salemi,* 309 NY 208, 216, *cert denied* 350 US 950; *People v Latella,* 112 AD2d 321, *lv denied* 66 NY2d 616).

The defendant was properly adjudicated a predicate felon, without a hearing where, in challenging the constitutionality of the plea on the predicate, defense counsel admitted that defendant had been properly allocuted but argued, based on his observation of the defendant during the current proceeding, that he was not "bright enough" to knowingly waive his rights. Since counsel admitted that defendant had been properly allocuted, the plea suffered from no constitutional infirmity and counsel's observation two years after the plea did not warrant a hearing. *(People v Harris,* 61 NY2d 9.) Concur— Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.