■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE WILSON, Appellant. [612 NYS2d 1007] —Judgment unanimously affirmed. Memorandum: We agree with defendant that County Court should have suppressed statements he made in response to questioning by the police after defendant was advised of his Miranda rights and indicated that he was not willing to answer questions without an attorney present (see, People v Ferro, 63 NY2d 316, 322-323, cert denied 472 US

1007; *People v Rivers,* 56 NY2d 476, 479-480; *People v Maerling,* 46 NY2d 289, 302-303). The error is harmless, however, because there is no reasonable possibility that it might have contributed to defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, 237).

The court did not err in refusing to allow defendant to call a police officer as a witness at the *Huntley* hearing. The relevant testimony of that officer would have been cumulative only *(see, People v Peterkin,* 75 NY2d 985, 986). The issues whether counts 14 and 15 of the indictment were duplicitous and whether the court properly discharged a juror are unpreserved and we decline to reach them in the interest of justice *(see,* CPL 470.15 [6]). We have examined the remaining issues on appeal, raised by counsel and by defendant *pro se,* and find them to be lacking in merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.