■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BURKE, Appellant. [622 NYS2d 15] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered June 25, 1992, convicting defendant after a jury trial of rape in the first degree, 2 counts of sodomy in the first degree, and 2 counts of sexual abuse in the first degree, and sentencing him to concurrent terms of 3⅓ to 10 years on the rape and sodomy counts, and 2 to 6 years on the sexual abuse counts, unanimously affirmed.

Defendant, a police officer, was convicted for sexually attacking a prostitute who had withdrawn from an initial consensual transaction. Defendant was apprehended when the victim alerted passing police. Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings of fact and credibility, under standards set forth in *People v Bleakley* (69 NY2d 490, 494-495) defendant's guilt was proven beyond a reasonable doubt and the verdict was not against the weight of the evidence. Trial counsel never raised the claim presently raised by defendant with respect to the court's conduct during *voir dire,* and during trial, thereby waiving those claims *(People v Charleston,* 56 NY2d 886). In neither case do we find sufficient merit to the claims to warrant review in the interest of justice. To the extent that defendant predicates his claims on the court's limitations imposed on the prosecutor, we discern no prejudice to defendant. The failure to raise the present claim of duplicitousness after the verdict was rendered, but before the jury was released, renders that claim unpreserved for review *(People v Barry,* 100 AD2d 803). We have examined defendant's remaining contentions; none warrant reversal. Concur—Rosenberger, J. P., Kupferman, Nardelli and Tom, JJ.