■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SHAW, Appellant. [635 NYS2d 465] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.) rendered October 14, 1993, convicting defendant, after a nonjury trial, of rape in the first and third degrees and sodomy in the first and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 6 to 12 years on each first-degree conviction and 2 to 4 years on each third-degree conviction, unanimously affirmed.

Defendant's challenge to the legal sufficiency of the evidence is unpreserved as a matter of law (*People v Gray*, 86 NY2d 10), and in any event without merit. Defendant also failed to preserve by timely objection or other means of making his claim known that the trial court was biased against him (*People v Burke*, 211 AD2d 598, *lv denied* 85 NY2d 907), which, were we to review it, we would find it to be a speculative, gender-biased attack on the trial court. Defendant's motion to set aside the verdict on the ground of newly discovered evidence was properly denied since the proffered evidence was not new, there was no reasonable probability that it would have affected the outcome, there was an absence of due diligence in defendant's presentation of the evidence, and the evidence, if believed, was at best cumulative, collateral and nonmaterial (*see, People v Suarez*, 98 AD2d 678; *People v Batista*, 172 AD2d 386, *lv denied* 78 NY2d 961). By not seeking relief pursuant to CPL 440.10, defendant has failed to present a record adequate to review trial counsel's purported tactical ineffectiveness (*People v Love*, 57 NY2d 998, 1000; *People v Brown*, 45 NY2d 852, 854). His claim that he was deprived of his right to testify before the Grand Jury, due to counsel's neglect, is completely dehors the record and thus not susceptible to review.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.