474

The People of the State of New York, Respondent, v Ricardo Martinez, Appellant. [639 NYS2d 380]

Defendant's claim that the court failed to comply with the notice requirements of CPL 310.30 is unpreserved as a matter of law, defendant having failed to object to the court's failure to disclose the note's contents, which requested a rereading of portions of the charge, until the jury had returned to the courtroom, or to object to the court's response to the note (*People v Starling*, 85 NY2d 509, 516). Concerning the note to which the court did not respond at all, it was received at approximately 5:30 P.M., on the second day of deliberations, and simply stated that the jury was deadlocked. A half-hour later, while the court was still in the process of convening the parties to notify them of the contents of that note, the jury sent out another note indicating that it had reached a verdict. Given the timing of the notes and the fact that the 5:30 note did not seek any specific instruction, there is no merit to defendant's contention that the court's failure to provide the jury with supplemental instructions coerced the verdict. Concerning the *Sandoval* ruling, the fact that the instant case involves possession of a weapon did not make the mere mention of a prior misdemeanor conviction, also involving a weapon, unduly prejudicial (*People v Ellis*, 183 AD2d 534, 535, *affd* 81 NY2d 854). Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.