■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY R. SCARPELLO, Appellant. [665 NYS2d 227] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and three counts of criminal possession of a

controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that Supreme Court erred in failing to respond to a request by the jury (see, CPL 310.30). At approximately 2:00 P.M. on the second day of jury deliberations, the court received a note from the jury asking, "[w]hat will happen if the jury is unanimous on six counts, but cannot agree on two counts at this point". Approximately 30 minutes later, the court received a second note, which announced that the jury had reached a verdict. At 3:00 P.M., the court informed defendant and the attorneys that it had received the first note while on the telephone trying to resolve an employment matter for a juror. The court stated that it had ended that conversation at about 2:10 P.M., and had begun to research the issue presented by the first note when, after only a few minutes, it received the second note. Contrary to defendant's contention, reversal is not required based upon the court's failure to respond to the first note (see, People v Agosto, 73 NY2d 963, 966-967; cf., People v Martinez, 225 AD2d 474, lv denied 88 NY2d 989), and the court properly denied defendant's motion for a mistrial. It cannot be said that the court's failure to respond to the first note "seriously prejudiced the defendant" (People v Lourido, 70 NY2d 428, 435; see also, People v Jackson, 20 NY2d 440, 454-455, cert denied 391 US 928).

Defendant failed to preserve for our review her contention that the court erred in permitting the prosecutor to cross-examine a witness based on information that defendant provided to police (see, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). Defendant's further contention that the court improperly allowed an officer to review an audiotape and transcript thereof to refresh her recollection before testifying is unpreserved for our review and, in any event, lacks merit (see, People v Di Loretto, 150 AD2d 920, lv denied 74 NY2d 739; People v Goldfeld, 60 AD2d 1, 11).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Callahan and Doerr, JJ.