THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL FONTANEZ, Appellant. [679 NYS2d 222] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of sexual abuse in the first degree (count

seven) (Penal Law § 130.65 [1]), sexual abuse in the second degree (count eight) (Penal Law § 130.60 [2]) and endangering the welfare of a child (count nine) (Penal Law § 260.10 [1]). Those charges arose from an incident on September 15, 1996 involving a 12-year-old victim. Defendant was acquitted of six other counts.

The contention of defendant that he was prejudiced by the conduct of County Court during voir dire is not preserved for our review (see, People v Charleston, 56 NY2d 886, 888; People v Burke, 211 AD2d 598, lv denied 85 NY2d 907). In any event, we conclude that defendant was not denied a fair trial by the court's questioning of two potential jurors regarding the seriousness of jury duty (see, CPL 270.15 [1] [c]). "[T]he jury selection process was itself fair, and defendant has failed to demonstrate that the jurors chosen were anything but impartial" (People v Pepper, 59 NY2d 353, 359).

Defendant's contention that the conviction on counts seven and eight is not supported by sufficient evidence is not preserved for our review (see, CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19). Were we to review that contention, we would conclude that the conviction on those counts is supported by legally sufficient evidence (see, People v Bleakley, 69 NY2d 490, 495). The verdict is not contrary to the weight of the evidence (see, People v Bleakley, supra, at 495).

We reject defendant's contention that the court's failure to disclose the contents of four jury notes to counsel before recalling the jury is reversible error. The notes requested a police report not in evidence, a rereading of the charge on endangering the welfare of a child and reasonable doubt, as well as readbacks of portions of the testimony of two witnesses. Because the court read the notes in open court before responding, "counsel was given notice of [their] contents * * * and had knowledge of the substance of the court's intended response" (People v Starling, 85 NY2d 509, 516). Counsel's silence at a time when any error by the court could have been corrected by timely objection renders the claimed error unpreserved for our review (see, CPL 470.05 [2]; People v Starling, supra, at 516), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]; People v Pless, 244 AD2d 971, lv denied 91 NY2d 929).

With respect to another jury note, defendant contends that the court erred in failing to mark the note in evidence, to disclose its contents to counsel and to respond to the jury's request. The note, received by the court on the first day of

deliberations, at 5:25 P.M., stated, "[w]e feel we have quite a bit more time deliberating. How long will you want us to deliberate tonight? We will need to make calls if necessary." The record does not indicate that the court disclosed the contents of the note to counsel, read the note in open court or responded to the jury. Nonetheless, we reject defendant's contention that the court violated CPL 310.30 (*see, People v Damiano*, 87 NY2d 477, 487; *People v O'Rama*, 78 NY2d 270, 276-278; *People v Agosto*, 73 NY2d 963, 966). The note was merely a response to a question posed by the court in open court a few minutes earlier. There was no violation of CPL 310.30 because "the note did not request any substantive information" (*People v Damiano, supra*, at 487) or "concern the crimes charged or the evidence in the case, much less any key issue" (*People v Agosto, supra*, at 966).

Defendant has not preserved for our review his contention that the court erred in failing to instruct the jury before it was sequestered (*see*, CPL 470.05 [2]; *People v Bonaparte*, 78 NY2d 26, 31-32), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Defendant's contention that a court officer may have instructed the jurors to continue deliberations the next morning is speculative and not supported by the record. We note, however, that the better practice is for the court, in the presence of defendant and counsel, to instruct the jurors regarding their duties and obligations while they are sequestered (*see, People v Bonaparte, supra*, at 32). The court may also inform the jurors that deliberations will continue the next day (*see, People v Lara*, 199 AD2d 419, 420).

Additionally, "defendant failed to preserve his challenge to the trial court's response to the jury note indicating that it was deadlocked, since the defendant failed to object to the trial court's decision to wait an hour before responding to the note" (*People v Johnson [Dion]*, 195 AD2d 481, *lv denied* 82 NY2d 720, 729). At 10:20 A.M. on the second day of jury deliberations, the court received a note from the jury stating, "[w]e cannot reach a unanimous decision at this time. We feel our decisions have not changed from last night. We are hopelessly deadlocked." Approximately an hour later, after finishing with its morning calendar call, the court requested that the jury be brought into the courtroom. The court officer stated that the jury "would like five more minutes", and the jury continued to deliberate. At 11:45 A.M., the court received a second note, stating that the jury had reached a verdict. Contrary to defendant's contention, reversal is not required based upon the court's fail-

ure to respond to the first note (*see, People v Agosto, supra,* at 966-967). Given the fact that the jury chose to deliberate rather than return to the courtroom and the fact that the first note did not seek any specific instruction, the court's failure to respond did not coerce the jury into returning a compromise verdict (*see, People v Martinez,* 225 AD2d 474, *lv denied* 88 NY2d 989; *see also, People v Scarpello,* 244 AD2d 856, *lv denied* 91 NY2d 930). It cannot be said that, because the court failed to respond promptly to the first note, there was a "significant probability" of prejudice to defendant (*People v Agosto, supra,* at 967; *see, People v Lourido,* 70 NY2d 428, 435).

There is no merit to defendant's contention that the verdict is repugnant. A comparison of the elements of the crimes as charged to the jury establishes that the acquittal of the charges of sodomy in the first degree and sodomy in the second degree (counts four and five) does not negate any of the elements of sexual abuse in the first degree and sexual abuse in the second degree (counts seven and eight) (*see, People v Tucker,* 55 NY2d 1, 6-8, *rearg denied* 55 NY2d 1039). The jury may have found that defendant engaged in sexual contact but did not engage in deviate sexual intercourse. We also reject the speculative contention of defendant that the jury, by acquitting him of counts one through six, reached a compromise verdict (*see, People v Bombard,* 203 AD2d 711, 712-713, *lv denied* 84 NY2d 823). "[A] 'compromise' verdict is not a ground for reversal provided the verdict is not repugnant" (*People v Vitta,* 220 AD2d 468, 469, *lv denied* 87 NY2d 852; *see, People v Martinez,* 201 AD2d 671, *lv denied* 83 NY2d 874). The jury was entitled to believe any or all of the testimony presented at trial (*see, People v Tucker, supra,* at 8). Further, the delay of little more than an hour between the receipt of the note from the jury and its verdict does not support the contention that the verdict was coerced.

Defendant's contention that counts seven and eight are duplicitous is not preserved for our review (*see, People v Miller,* 221 AD2d 1001, 1002; *People v Wilson,* 203 AD2d 926, 927, *lv denied* 83 NY2d 973). In any event, we conclude that the counts are not duplicitous (*see,* CPL 200.30; *People v Ribowsky,* 77 NY2d 284, 289-290; *People v Keindl,* 68 NY2d 410, 417-418, *rearg denied* 69 NY2d 823).

We reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct. Some of the claims are unpreserved for our review (*see,* CPL 470.05 [2]), and, with respect to those that are preserved, the conduct of the prosecutor was not so egregious or prejudicial as to deprive defendant of

his right to a fair trial (*see, People v Miles*, 251 AD2d 1012; *People v Nixon*, 213 AD2d 1068, *lv denied* 85 NY2d 978; *see also, People v Galloway*, 54 NY2d 396, 401).

In light of the nature of the crimes and defendant's lengthy criminal history, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.