■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS G. STEWARD, Appellant. [684 NYS2d 109] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [3]) and other crimes arising from the death of James Milo on February 27, 1993. The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

The Court of Appeals determined that defendant validly waived his right to counsel during the police interrogation (*People v Steward,* 88 NY2d 496, *rearg denied* 88 NY2d 1018). Upon remittitur, County Court examined the totality of the circumstances of that interrogation and found, as a factual matter, that defendant's admissions were voluntarily made. That determination is entitled to great weight (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Hill,* 175 AD2d 603). The fact that the interrogation lasted nearly 10 hours does not render the admissions involuntary, given the nature of the crime and defendant's conflicting and constantly changing stories to the police (*see, People v Tarsia,* 50 NY2d 1, 12; *People v Casassa,* 49 NY2d 668, 673, 681, *cert denied* 449 US 842; *People v Hayes,* 221 AD2d 468, *lv denied* 87 NY2d 921; *People v Smith,* 208 AD2d 966, *lv denied* 84 NY2d 1016).

Defendant contends that the court erred in taking the testimony of a defense witness out of the presence of the jury. The record establishes, however, that defense counsel suggested that procedure to the court to determine the admissibil-

ity of the testimony. The court properly refused to admit the statement of that witness to the police as past recollection recorded (*see, People v Briggs*, 190 AD2d 995, 996, *lv denied* 81 NY2d 1011). Her telephone conversation with "Unique" on the night of the crime was properly received for the limited purpose of rebutting evidence that defendant knew details of the crime known only by the police. Defendant's contention that "Unique's" comments to the witness should have been received as declarations against penal interest is not preserved for our review (*see*, CPL 470.05 [2]), nor is the contention that a leather coat was erroneously received in evidence (*see, People v Hill*, 163 AD2d 813, 814, *lv denied* 76 NY2d 987). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Any error in the receipt into evidence of a pair of Nike sneakers is harmless in view of the proof of guilt and the cautionary instruction given to the jury about that evidence. Testimony concerning defendant's drug use was properly received on the issue of motive, and a limiting instruction regarding that testimony was given without objection.

Finally, we reject the contention of defendant that he was denied a fair trial by error committed by the court during jury deliberations. Before sequestering the jury for the evening, the court properly instructed the jury regarding its duties and obligations and informed the jury that deliberations would continue the next day (*see, People v Fontanez*, 254 AD2d 762). The next morning the jury resumed deliberations pursuant to the court's instructions. Defendant's contention that a court officer may have instructed the jury to continue deliberations is speculative and not supported by the record (*see, People v Fontanez, supra*).

Upon resuming deliberations the jury requested a readback of testimony. Before the court could respond to that request, the jury reported that it had reached a verdict. When the jury returned to the courtroom, it told the court that it did not need the readback and announced its verdict. Defendant's contention that the jury was unduly pressured to reach a verdict by the court's delay in responding to the request for a readback also is speculative and not supported by the record. Defendant was not "seriously prejudiced" by the court's 25-minute delay in responding to the jury's request (*People v Lourido*, 70 NY2d 428, 435; *see, People v Agosto*, 73 NY2d 963, 966-967; *People v Scarpello*, 244 AD2d 856, 857, *lv denied* 91 NY2d 930, *cert denied* 525 US 839). (Appeal from Judgment of Onondaga County Court, Brunetti, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.