■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SQUARE, Appellant. [692 NYS2d 321] —Judgments, Supreme Court, New York County (Marcy Kahn, J.), rendered May 29, 1997, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, and convicting defendant, upon his plea of guilty, of violation of probation, and resentencing him to a concurrent term of 1 year, unanimously affirmed.

After sufficient inquiry and ample opportunity for defendant to be heard, the court properly exercised its discretion in denying defendant's request for substitution of assigned counsel. Other than defendant's disagreement with his counsel's sound advice to plead guilty, defendant's complaints about his counsel consisted of conclusory allegations of inadequate preparation and communication. Based on the entirety of the record and the court's familiarity with the proceedings, the court properly found that defendant failed to demonstrate good cause warranting substitution (*see, People v Sides,* 75 NY2d 822; *People v Anderson,* 207 AD2d 746, 747).

Defendant has failed to preserve for appellate review his contention that he was deprived of a fair trial by the admission of background testimony concerning the prevalence of drugs in the neighborhood in which he was arrested and that certain observation posts were selected by the police based on community complaints and personal observations (*People v Tevaha,* 84 NY2d 879), and we decline to review in the interest of justice. Were we to review such claim, we would find that the background testimony was properly admitted to explain the

police presence and conduct in the area (*see, People v Granado*, 222 AD2d 286, *lv denied* 88 NY2d 848), and that the court's curative instructions served to eliminate any possible prejudice to defendant (*supra*).

Since the People's case was not based entirely on circumstantial evidence, the court properly refused to provide a charge requiring proof of guilt to a moral certainty (*see, People v Daddona*, 81 NY2d 990).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Rosenberger, Tom, Saxe and Buckley, JJ.