■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHARD D. WRIGHT, Also Known as MONEY, Also Known as D., Appellant. (Appeal No. 2.) [703 NYS2d 782] —Judgment unanimously affirmed. Memorandum: Defendant's conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant failed to preserve for our review his contention that hearsay statements made to witnesses by an individual implicating himself in the shooting should have been received as declarations against penal interest (*see, People v Steward*, 256 AD2d 1147, 1148, *lv denied* 93 NY2d 879). In any event, defendant failed to demonstrate that the declarant was unavailable as a witness at trial (*see, People v Thomas*, 68 NY2d 194, 197, *cert denied* 480 US 948; *People v Settles*, 46 NY2d 154, 167; *People v Dove*, 262 AD2d 995, *lv denied* 94 NY2d 822).

Defendant also failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation, including instances in which the prosecutor allegedly vouched for the credibility of witnesses and denigrated the defense (*see, People v Cox*, 256 AD2d 1244, *lv denied* 93 NY2d 923). In any event, that contention lacks merit. Certain of the prosecutor's comments were in direct response to defense counsel's statements regarding the credibility of prosecution witnesses (*see, People v Halm*, 81 NY2d 819, 821) and "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399). Although we agree that the prosecutor improperly impugned the defense, those comments did not constitute "a pervasive pattern of misconduct sufficient to deny defendant due process of law" (*People v Chase*, 265 AD2d 844, 846; *see, People v Scutt*, 254 AD2d 807, 808, *lv denied* 92 NY2d 1038).

Defendant failed to preserve for our review his contentions that the conduct of County Court denied him a fair trial and that the court erred in admitting certain evidence (*see*, CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Oneida County Court, Donalty, J.—Murder, 2nd Degree.) Present—Wisner, J. P., Pigott, Jr., Hurlbutt and Balio, JJ.