■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD J. SCHOJAN, Appellant. [709 NYS2d 273] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]),

rape in the first degree (Penal Law § 130.35 [1]), sodomy in the first degree (Penal Law § 130.50 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]) and kidnapping in the second degree (Penal Law § 135.20). The conviction of attempted murder is supported by legally sufficient evidence, and the verdict with respect to that crime is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The evidence establishes that defendant's actions came "dangerously near" to causing the victim's death (*see, People v Acosta*, 80 NY2d 665, 670).

Supreme Court properly denied the motion of defendant to suppress oral statements allegedly taken in violation of his *Miranda* rights. Once a defendant invokes his or her right to remain silent, the police must scrupulously honor that decision and cease questioning (*see, People v Ferro*, 63 NY2d 316, 322, *cert denied* 472 US 1007). However, "[a] subsequent inquiry may be made into the subject * * * where a significant period of time has passed since the invocation of the right to remain silent and where the police have reiterated the requisite warnings" (*People v Brown*, 266 AD2d 838, *lv denied* 94 NY2d 860; *see, Michigan v Mosley*, 423 US 96, 103-105). Here, the police ceased questioning defendant upon his invocation of the right to remain silent and resumed their inquiries only after reiterating the requisite *Miranda* warnings an hour and a half later at a different location.

We reject the contention of defendant that the court failed to conduct a minimal inquiry into the grounds for his motion for reassignment of counsel. "[A] defendant may be entitled to new assigned counsel upon showing 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides*, 75 NY2d 822, 824, quoting *People v Medina*, 44 NY2d 199, 207). When faced with such a request, it is incumbent upon the court "to make some minimal inquiry" to determine whether the request has a "genuine basis" (*People v Sides, supra*, at 825). Here, defendant's detailed letter to the court and defense counsel's subsequent explanation of the alleged conflict establish that the motion was based on defendant's loss of confidence in counsel arising from defense counsel's recommendation to accept a plea offer. That is an insufficient basis for substitution of counsel (*see, People v Hoff*, 201 AD2d 953, 953-954, *lv denied* 83 NY2d 911; *People v Willis*, 147 AD2d 727, 728, *lv dismissed* 74 NY2d 670; *see generally, People v Square*, 262 AD2d 154, *lv denied* 94 NY2d 829).

Contrary to the contention of defendant, the court properly denied his challenge for cause of a prospective juror. "Where a

prospective juror has expressed bias or preconceived opinions but subsequently articulates the ability to put aside such feelings or opinions, and to render an impartial verdict based upon the evidence, the trial court may properly deny a challenge for cause" (*People v Burdo,* 256 AD2d 737, 741; *see, People v Willard,* 226 AD2d 1014, 1017-1018, *lv dismissed* 88 NY2d 943). Here, the prospective juror unequivocally denied that she would be affected by any bias based on the number of crimes with which defendant was charged and confirmed that her prior state of mind would not interfere with her ability to presume defendant innocent (*cf., People v Johnson,* 94 NY2d 600; *People v Barber,* 269 AD2d 758; *People v Thorn,* 269 AD2d 756).

We reject defendant's further contention that the court's failure to disclose the contents of four jury notes to counsel before recalling the jury is reversible error. The notes requested re-readings of the charge on attempted murder as well as read-backs of portions of the testimony of two witnesses. "Because the court read the notes in open court before responding, 'counsel was given notice of [their] contents * * * and had knowledge of the substance of the court's intended response'" (*People v Fontanez,* 254 AD2d 762, 763, *lv denied* 93 NY2d 852, quoting *People v Starling,* 85 NY2d 509, 516). "Accordingly, counsel's silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved" for our review (*People v Starling, supra,* at 516; *see, People v Ponder,* 266 AD2d 826; *People v Fontanez, supra,* at 763), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review his further contention that the conviction of kidnapping in the second degree is barred by the merger doctrine (*see, People v McNamara,* 186 AD2d 984, *lv denied* 81 NY2d 791). In any event, the merger doctrine is inapplicable here because the asportation and detention of the victim were neither incidental to nor inseparable from the rape, sodomy and sexual abuse of the victim (*see, People v Biro,* 227 AD2d 944, 945, *lv denied* 88 NY2d 980; *People v Singleton,* 207 AD2d 995, *lv denied* 84 NY2d 1038).

We reject the contention of defendant that the court was required to impose concurrent terms of imprisonment. "Where * * * separate or successive acts have occurred in the course of a single criminal transaction, and neither is, by definition, a material element of the other, the trial court retains its

discretionary consecutive sentencing authority" (*People v Bryant*, 92 NY2d 216, 231). Because the crime of attempted murder does not share any material elements with the crimes of rape, sodomy, sexual abuse or kidnapping, the court was not required to impose concurrent terms of imprisonment (*see, People v Bryant, supra,* at 230-231). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Attempted Murder, 2nd Degree.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.