■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANFRED SACHS, Appellant. [721 NYS2d 214] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon a plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court (Marks, J.) erred in denying his motion to suppress statements to the police. We disagree. The court credited the testimony of the investigator that no promises or threats were made, and the hearing court's assessment of credibility is entitled to great weight (*see, People v Prochilo*, 41 NY2d 759, 761; *People v Little*, 259 AD2d 1031, 1032, *lv denied* 93 NY2d 926). Although the investigator indicated that defendant's cooperation would be "well known," there was no evidence of a promise that defendant would not be prosecuted or that he would receive lenient treatment (*see, People v Huntley*, 259 AD2d 843, 845-846, *lv denied* 93 NY2d 972; *People v Williamson*, 245 AD2d 966, 968, *lv denied* 91 NY2d 946). Defendant failed to preserve for our review his contention that the court failed to comply with CPL 400.15 (3) in determining his status as a second violent felony offender (*see generally, People v Pellegrino*, 60 NY2d 636, 637; *People v Harris*, 246 AD2d 401, *lv denied* 91 NY2d 926). In any event, the failure to inform defendant of the right to challenge the constitutionality of predicate felony convictions would not mandate resentencing (*see, People v Hurtado*, 160 AD2d 654, 654-655, *lv denied* 76 NY2d 789).

The contention of defendant that he was denied his right to testify before the Grand Jury is based on material dehors the record, and thus not susceptible of review (*see, People v Shaw*, 221 AD2d 265, *lv denied* 87 NY2d 977). In any event, defendant waived that contention by failing to move to dismiss the indictment pursuant to CPL 190.50 (5) (c) (*see, People v Halm*, 180 AD2d 841, 842, *affd* 81 NY2d 819). In addition, he forfeited

that contention by pleading guilty (*see, People v Glaudel*, 235 AD2d 492, 492-493, *lv denied* 89 NY2d 1035). Defendant has failed to provide any basis for his contention that the indictment was jurisdictionally defective and, to the extent that he contends that the indictment was duplicitous, that contention was waived by his plea of guilty (*see, People v Beattie*, 80 NY2d 840, 842). (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.