THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GAINES, Appellant. (Appeal No. 1.) [844 NYS2d 824]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered December 3, 2003. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal sale of marihuana in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon a guilty plea of criminal possession of a weapon in the third degree (§ 265.02 [4]). We reject the contention of defendant in appeal No. 1 that Supreme Court erred in refusing to allow him to present evidence that the individual charged with defendant in the indictment in appeal No. 1 admitted during his plea colloquy that he possessed the cocaine at issue in the indictment. The evidence was not admissible as a declaration against penal interest under that exception to the hearsay rule inasmuch as defendant failed to establish the unavailability of the declarant as a witness at trial (see People v Shortridge, 65 NY2d 309, 312 [1985], rearg dismissed 73 NY2d 995 [1989]; see also People v Wright, 269 AD2d 831 [2000], lv denied 94 NY2d 954 [2000]). Also contrary to defendant's contention in appeal No. 1, the sentence is not unduly harsh or severe. We have reviewed defendant's contention in appeal No. 2 and conclude that it lacks merit, in view of our determination in appeal No. 1 (cf. People v Fuggazzatto, 62 NY2d 862 [1984]). Present—Gorski, J.P., Martoche, Smith, Peradotto and Green, JJ.