11-1463-pr
Wright v. Duncan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Court of International Trade, One Federal Plaza, in the City of New York, on the 15th day of October, two thousand twelve.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
          SUSAN L. CARNEY
              *Circuit Judges*.

-----------------------------------------------------------------------

DESHARD WRIGHT,

      *Petitioner-Appellant*,

     v.                           No. 11-1463-pr

GEORGE DUNCAN, Superintendent,

      *Respondent-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:    ROLAND ACEVEDO, Scopetta Seiff Kretz & Abercrombie, New York, New York.

APPEARING FOR APPELLEE:        PRISCILLA STEWARD, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 28, 2011, is AFFIRMED.

Deshard Wright appeals from the denial of his petition for a writ of habeas corpus, see 28 U.S.C. § 2254, which challenged his New York conviction for second-degree murder, second-degree attempted murder, and criminal possession of a weapon in the second degree. We review the denial of a habeas petition de novo, see Freeman v. Kadien, 684 F.3d 30, 33 (2d Cir. 2012), and here address the sole issue on which the district court granted a certificate of appealability: Wright's claim that he was denied his due process right to a fair trial by the trial court's refusal to allow defense witnesses to testify to exculpatory hearsay. See generally Chambers v. Mississippi, 410 U.S. 284, 302 (1973) (recognizing that evidentiary rulings may sometimes result in denial of a fair trial); accord Washington v. Schriver, 255 F.3d 45, 56 (2d Cir. 2001). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

Wright's due process claim fails both because it was procedurally defaulted in the state court, see Coleman v. Thompson, 501 U.S. 722, 729–32 (1991), accord Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003), and because it is meritless.

1.    Procedural Default

The New York Supreme Court, Appellate Division held that Wright had "failed to preserve for our review his contention that hearsay statements made to witnesses by an individual implicating himself in the shooting should have been received as declarations against penal interest." People v. Wright, 269 A.D.2d 831, 831, 703 N.Y.S.2d 782, 782 (4th Dep't 2000). Wright argues that this language addresses only his claim that the trial court misapplied state evidentiary law, not his claim that it denied him due process. Thus, he insists that the identified default does not constitute an independent ground for rejecting his constitutional claim, precluding habeas review. See Coleman v. Thompson, 501 U.S. at 729. We disagree. The quoted language applied New York's contemporaneous objection rule, N.Y. Crim. Proc. Law § 470.05(2), both to Wright's due-process claims and to his state evidence law claim, issues that Wright himself treated as intertwined in his Appellate Division brief.

Where a state law procedural bar thus forms an independent basis for the state courts' judgment, we will still review the merits of a petitioner's claim if the state law bar was not "adequate to support the judgment," meaning that it was not "firmly established and regularly

3

followed," Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotation marks omitted), or that, despite being firmly established, it was an "exorbitant application of a generally sound rule," Lee v. Kemna, 534 U.S. at 376; accord Cotto v. Herbert, 331 F.3d at 240. Wright does not dispute that New York's contemporaneous objection rule is firmly established and regularly followed by the courts of that state. Instead, he argues that the rule was misapplied in his case.

A federal habeas court generally does not review purported errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Nor can Wright bring himself within the limited exception to this rule by showing an "exorbitant" misapplication. Lee v. Kemna, 534 U.S. at 376.

Wright does not—and cannot—contend that in the trial court he ever explicitly raised a due process objection to the challenged evidentiary ruling. Rather, he argues that the trial court should have understood that he was raising a constitutional objection from defense counsel's use of the word "unfair," Pet'r's Br. 32 n.7, and the existence of a fact pattern "well within the mainstream of constitutional litigation," id. at 32. In fact, the New York Court of Appeals has long rejected invitations to review constitutional arguments purportedly raised implicitly in the trial court. See, e.g., People v. Angelo, 88 N.Y.2d 217, 222, 644 N.Y.S.2d 460, 461 (1996) (holding due process claims unpreserved for appellate review

4

where they were not presented to trial court along with evidentiary objections). Thus, the Appellate Division not only did not "exorbitantly" misapply the state contemporaneous-objection rule in Wright's case; it did not misapply the rule at all. See Whitley v. Ercole, 642 F.3d 278, 288 (2d Cir. 2011) (recognizing that rule serves (1) to ensure that parties draw trial court's attention to any potential error while there is still opportunity to address it, and (2) to prevent parties from "sandbagging" opposing party and trial court on appeal). Thus, like the district court, we conclude that the Appellate Division's finding of procedural default was an adequate and independent basis for the challenged state judgment.

2.     Merits

Even if Wright had not procedurally defaulted his claim, we would reject his petition on the merits. To obtain habeas relief, a petitioner must establish that the state court's decision was either (1) "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent; or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Here, Wright argues that the state violated his right to a fair trial under Chambers v. Mississippi, which holds that courts cannot "mechanistically" exclude exculpatory evidence bearing "persuasive assurances of trustworthiness." 410 U.S. at 302. The evidence here at issue is the jailhouse confession of a third party, Jamie Thompson, which confession Wright argued was admissible as a declaration against penal interest through two proposed defense

5

witnesses. The trial court ruled otherwise, on the grounds that Wright had not shown Thompson to be "unavailable" as required by New York law. See People v. Ennis, 11 N.Y.3d 403, 412, 872 N.Y.S.2d 364, 371 (2008); see also Fed. R. Evid. 804(b); 2 McCormick on Evidence § 320 (6th ed. 2010) ("The Federal Rule and the vast majority of the states require unavailability."). Indeed, the trial court court had produced Thompson specifically so that Wright could call him to testify. If Wright had done so and Thompson had refused to testify, Wright would then have demonstrated unavailability. Instead, as the trial court noted at sentencing, Wright's counsel reported that he had "talked to [Thompson] and decided not to use him." Post-Trial Mot. & Sentencing Tr. at 9.

These circumstances present no Chambers concerns. Chambers itself held that a defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." Chambers v. Mississippi, 410 U.S. at 302; see also Taylor v. Illinois, 484 U.S. 400, 410 (1988) (holding that defendant "does not have an unfettered right to offer testimony that is . . . inadmissible under standard rules of evidence"). Accordingly, even if Wright's due process challenge were preserved for habeas review, it would fail on the merits.

3.    Conclusion

We have considered Wright's remaining arguments on appeal and conclude that they

are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, Clerk of Court