OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On appeal defendant’s chief contention is that the trial court’s failure to respond to a jury note or to notify counsel of its existence constituted error requiring reversal. We agree with the Appellate Division that it did not.
During the first two days of deliberation, the jury sent out several notes which asked for exhibits, readbacks, or additional instructions. All but one of the notes which required the jury to be returned to the courtroom took 30 or more minutes to answer. At 6:50 p.m. on the second day, the court called the jurors in and informed them that they would be sequestered for the night. The court refused a juror’s request that they be allowed to continue deliberating for another hour rather than having to spend the night in a hotel. Deliberations recommenced the next morning and 15 minutes later, at 11:05 a.m., the jury sent out the note in question. It stated: "Your Honor, Mrs. Kaufman and I are Sabbath observers and therefore we would like to request that we be dismissed before sundown to prepare for the Sabbath period. Thank you, Mildred Goldstein”. At 11:25 a.m., the jury announced that they *966 had reached a verdict. The court took the verdict without making any reference to the last note and without informing either counsel of its existence.
CPL 310.30 requires the court to make a meaningful response, in the presence of counsel and the defendant, to any jury request "for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury’s consideration of the case”. We need not decide whether, as defendant argues, the note in question was a request for purposes of CPL 310.30, because even assuming that it was, there should be an affirmance. It is only where the failure to respond to a jury note "seriously prejudice[s]” defendant that a reversal is required (People v Lourido, 70 NY2d 428, 435). Here, the note did not concern the crimes charged or the evidence in the case, much less any key issue (cf., id.; People v Miller, 6 NY2d 152, 156).
Rather, defendant contends and the dissent finds that there was a significant probability that the jurors were coerced or pressured into returning a guilty verdict because of the court’s failure to respond to the note. This conclusion would necessarily require an assumption that — from the court’s failure to acknowledge the note within 20 minutes of its receipt — the two jurors had inferred that the court was not giving favorable consideration to their request. Nothing in the record supports such assumption. Indeed, from the jury’s experience with previous communications it seems highly unlikely that the two jurors could have attached any significance to the 20-minute delay. Of the several requests, only one had been responded to in less than 20 minutes. In some instances, the delay had been far longer.
Moreover, even if we could speculate that — because of the court’s failure to answer the note within 20 minutes — the two jurors somehow acquired the belief that their request was being ignored, it would be most improbable that such belief could have had an effect on their deliberations. The jury reported at 11:25 a.m. that they had reached a verdict — at least 6 to 7 hours before sundown and certainly before the hour when the two jurors could reasonably be assumed to have felt any pressure to arrive at a verdict. The jury’s announcement of agreement on a verdict 20 minutes after sending the note out and 35 minutes after recommencing deliberations (a consensus presumably having been reached sometime earlier) is certainly not indicative of any pressure *967 from the court’s failure to respond to their note. On the contrary, that the jury reached a verdict so soon would, if anything, appear to be consonant with the sentiment expressed the previous evening that the jury should be given an additional hour to deliberate instead of being adjourned for the night. In sum, assuming that the note could be viewed as a request pursuant to CPL 310.30, it cannot be said that there is a significant probability of any prejudice to defendant — let alone serious prejudice (see, People v Lourido, supra, at 435)— resulting from the court’s failure to respond to it.
Additionally, we find no error in the court’s interested witness charge. The court gave the standard instruction that the jury could consider whether any witness had an interest in the outcome of the case which might affect his or her testimony and that merely because a witness was interested did not mean that he or she was not telling the truth (see, 1 CJI[NY] 7.03). There is no question that defendant was an interested witness as a matter of law as the court appears to have charged (see, People v Ochs, 3 NY2d 54, 56). Nor is there any question that it was proper to instruct the jury that they could determine whether defendant’s wife or any other witness, including those identified by both counsel in their summations, was an interested witness (see, People v Suarez, 125 AD2d 350). While the Trial Judge specifically named defendant’s wife as a witness who could be found to be interested, there is nothing in the court’s. language suggesting that it believed that she was interested or that she was the only witness that the jury could find to be interested. We conclude, based upon a review of the charge as a whole, that the court’s instruction was fairly balanced and stated the applicable rule in clear and understandable language. It could not have misled the jury (cf., People v Crumble, 286 NY 24, 26).
Defendant’s remaining arguments are unpreserved or without merit.