■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON BOOKER, Appellant.—Judgment, Supreme Court, New York County (Felice Shea, J.), rendered August 7, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to a term of imprisonment of from 4-½ to 9 years, unanimously affirmed.

Defendant contends that the court erred in failing to respond to a note sent by the jury prior to reaching a verdict. After deliberating for two hours, the jury requested the exhibits and the definition of "beyond a reasonable doubt." Less

than an hour after the court responded to these requests, the court received a second note stating that one of the jurors was "basing his ideas on assumptions and possibilities" instead of the evidence, and inquiring "is there anything we can do?" Thirty-five minutes later, as the court was attempting to locate defense counsel and the Assistant District Attorney to advise them of this note *(see, People v O'Rama,* 78 NY2d 270), the jury sent a third note stating that it had reached a verdict. When the parties were present, the court advised them of the contents of the notes, and, after noting what its response would have been to the second note had a verdict not been reached, announced its intention to accept the verdict. Counsel registered no objection to the court's decision.

We find that defendant was not "seriously prejudiced" by the court's failure to respond to the second note before accepting the verdict *(People v Agosto,* 73 NY2d 963). The jury was able to resolve its differences and reach a verdict during the time that elapsed while counsel was being contacted, and the record is devoid of support for defendant's contention that the second note indicated that undue pressure or coercion had been exerted on one of the jurors *(supra).*

The court's charge to the jury, which instructed them to reconcile inconsistencies in a witness's testimony, if possible, adequately conveyed the appropriate standard by which to evaluate such testimony and did not shift the burden of proof to defendant *(People v Brown,* 174 AD2d 370, *lv denied* 78 NY2d 1009). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.