■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUENAVENTURA MARTINEZ, Appellant.—Appeal from judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered January 4, 1991, convicting the defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from four and one-half to nine years, unanimously held in abeyance, and the matter is remitted for a hearing to determine the court's response to the jury's note sent to the court at 2:40 P.M. on December 11, 1990, during deliberations.

The jury sent three notes to the court during their deliberations which were marked Court Exhibits II, III and IV. In the first note, marked 11:47 A.M., the jury requested to see certain photographs and a diagram of the crime scene introduced by the People. Defense counsel had already stipulated to allowing the jury to view all physical evidence. At 2:40 P.M., the jury asked to "hear the testimony and cross examination of the two detectives" and if they could "base our decision solely on what the police officers both said?" The two detectives were the only witnesses who testified at the trial. The defendant contends that the court never called defense counsel into the courtroom to reveal the contents of this note, never responded to the note on the record and never had the requested testimony read back to the jury. After another two hours of deliberation, the jurors informed the court by note (Court Exhibit IV) that they had reached a verdict.

The court papers merely indicate that the jury was sequestered and began deliberations at 11:35 A.M. and that at 5:05 P.M., the jury returned with a verdict. The minutes of the trial reveal only "three notes, timed 11:47 A.M., 2:40 P.M. and 4:55 P.M.—respectively marked as Court Exhibits II, III and IV."

The defendant contends that the court committed reversible error by failing to inform counsel of the jury note, by failing to respond to the jury's inquiry and by failing to comply with the readback request (CPL 310.30; *People v O'Rama*, 78 NY2d 270). Although the People maintain that the error is unpre-

served because defense counsel acquiesced to the announcement of the verdict after the jury notes were marked as court exhibits, appellate counsel for the defendant alleges that trial counsel was unaware of the existence of the 2:40 P.M. note. The People further submit that in all likelihood, the court was awaiting the arrival of counsel before responding to the note and that the jury announced that they had reached a verdict in the interim.

Based on the limited record before us, we find that further inquiry of the trial court, the prosecutor, defense counsel and the court reporter is required to determine whether appropriate action was taken with regard to the jury note. Accordingly, the appeal is held in abeyance and the matter is remitted for a hearing in accordance herewith. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Rubin, JJ.