Titone, J.
(dissenting). In People v O’Rama (78 NY2d 270), this Court held that when the jurors request information or supplementary instruction pursuant to CPL 310.30, defense counsel must be given meaningful notice, a term that implies such notification as will afford counsel the opportunity to "participate effectively” and to "adequately protect the defendant’s rights” (see, id., at 277). We also held that the procedure outlined in United States v Ronder (639 F2d 931) should be followed except in "special circumstances” where those procedures might need to be "modified or tailored to ensure the integrity of the deliberative process” (People v O’Rama, supra, at 278 [emphasis supplied]). Thus, although some flexibility was contemplated, our ruling made clear that any modifications to the prescribed procedures must be designed to ensure "maximfum] participation by counsel at a time when counsel’s input is most meaningful” (People v O’Rama, supra, at 278).
In this case, the trial court’s failure to notify defense counsel of the jurors’ inquiry before seeking "clarification” deprived counsel of all opportunity to participate in the formulation of the court’s response. Although the court’s response was a request for "clarification” rather than a formal supplementary instruction, the need for counsel’s advance participation was no less critical. While the court may have felt that its open-ended query covered all of the possible permutations suggested by the jury’s ambiguous question, it is also reasonably likely that counsel, with his unique perspective and intimate knowledge of the defense’s case, could have *771 discerned additional nuances and proposed another way of framing the query to elicit a more tailored juror response.
For example, mindful that his client was charged with offenses involving varying degrees of severity and that the jurors may have been weighing which offenses to use as a basis for conviction, counsel might well have suggested that the jurors also be asked whether they were specifically interested in the differences between the elements of the various charged crimes. Alternatively, counsel might have proposed that the jurors be asked whether there was a particular legal term or crime element that needed further definition. While the trial court undoubtedly has considerable discretion in deciding whether to honor such requests (see generally, People v Malloy, 55 NY2d 296), that fact does not detract from the defendant’s right to have his attorney participate, or at least be afforded the opportunity to participate, in the proceeding (People v O’Rama, supra).
Furthermore, counsel’s exclusion from this aspect of the postsubmissions proceedings was not a trivial or insignificant deprivation of the right to participation by counsel (cf., People v Agosto, 73 NY2d 963). The manner in which a "clarifying” question to the jurors is framed will inevitably affect the terms in which the jurors, who are unschooled in legal idiom, will rephrase their inquiry. Thus, "clarifying” colloquies can have a tangible impact on the critical proceedings that ensue, particularly the focus of the supplementary instructions that are given in response. Accordingly, counsel’s exclusion from these colloquies represents a serious impairment of the defendant’s rights — an impairment that cannot be remedied by affording counsel the opportunity to comment on the substantive instructions that are ultimately given.
Because counsel’s input at this stage of the proceeding could well have a meaningful impact on the remainder of the deliberative process in these circumstances, a judicial decision to seek "clarification” from the jurors without first notifying counsel was an "inherently prejudicial” misuse of the trial court’s discretion (see, People v O’Rama, supra, at 280). Since the majority’s decision to affirm lends unwarranted sanction to this undesirable practice, I must, respectfully, dissent.
Acting Chief Judge Simons and Judges Kaye, Hancock, Jr., Bellacosa and Smith concur; Judge Titone dissents and votes to reverse in an opinion.
Order affirmed in a memorandum.