■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN McNALLY, Appellant. [607 NYS2d 123] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 18, 1992, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims regarding the propriety of the jury charge are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Thomas,* 50

NY2d 467) or devoid of merit *(see, People v Agosto,* 73 NY2d 963; *People v Rudelt,* 6 AD2d 640). In addition, while the defendant correctly posits that he had a right to cross-examine the complainant with respect to specific immoral, vicious, or criminal acts bearing on credibility, "the inquiry must have some tendency to show moral turpitude to be relevant on the credibility issue" *(Badr v Hogan,* 75 NY2d 629, 634). Such is not the case here where the acts targeted by the defendant's line of inquiry cannot be characterized as base, vile, or depraved, and therefore are not indicative of moral turpitude on the part of the complainant *(see,* Black's Law Dictionary 1008-1009 [6th ed 1990]).

We have examined the defendant's remaining contentions and find them to be without merit *(see, People v Contes,* 60 NY2d 620; *People v Suitte,* 90 AD2d 80). Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.