■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DIAZ, Appellant. [681 NYS2d 234] —Judgment, Supreme

Court, New York County (Mary McGowan Davis, J.), rendered April 24, 1995, convicting defendant, after a jury trial, of six counts of attempted rape in the first degree, and one count of endangering the welfare of a child and sentencing him, as a second felony offender, to an aggregate term of 10 to 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determination, crediting the testimony of the ten-year-old complainant while rejecting the testimony of defendant.

The court had ample basis to conclude that the complainant understood the nature of an oath (CPL 60.20 [2]) and was competent to give sworn testimony (*People v Morales*, 80 NY2d 450, 453; *People v Parks*, 41 NY2d 36, 46). The court inquiry was appropriate and not, as claimed by defendant, dependent on the use of leading questions. Since a deliberating juror's note expressing a concern about returning to work was withdrawn, and the jury announced that it had reached a verdict, no inquiry was necessary. In any event, the court made an inquiry that was sufficient to ensure that the juror's concern could not have influenced his ability to deliberate fairly (*see, People v Agosto*, 73 NY2d 963).

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.