■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BONILLA, Appellant. [788 NYS2d 850]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered June 26, 2003, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

Defendant's arguments concerning the court's delay in responding to a jury note are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant was not "seriously prejudice[d]" by the court's failure to respond to the note before accepting the verdict (*People v Agosto*, 73 NY2d 963, 966 [1989]).

By failing to object, or by making generalized objections, defendant failed to preserve his present challenges to the People's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments, and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved and without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence was triggered solely by his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Tom, Marlow, Gonzalez and Catterson, JJ.