■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL L. CRUZ, Appellant. [839 NYS2d 653]—Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered February 17, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts).

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for a reconstruction hearing in accordance with the following memorandum: On appeal from a judgment convicting him following a jury trial of two counts of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that Supreme Court erred in failing to respond in a proper manner to a jury note requesting an exhibit. It is well settled that, upon a jury request for further information during deliberations, "the court must direct that the jury be returned to the courtroom and, after notice to both the [P]eople and counsel for the defendant, and in the presence of the defendant, must give such requested information . . . as the court deems proper" (CPL 310.30). Further, "whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and . . . read into the record in the presence of counsel" (*People v O'Rama*, 78 NY2d 270, 277-278 [1991]; *see People v Roberts*, 236 AD2d 848, 849 [1997], *lv denied* 89 NY2d 1040 [1997]). Although it appears on the record before us that there was a jury note, the record is silent with respect to the court's response to the note, and we conclude that "further inquiry of the trial court, the prosecutor, defense counsel and the court reporter is required to determine whether [there was a jury note and, if so, what] action was taken with regard to the jury note" (*People v Martinez*, 186 AD2d 14, 15 [1992]; *see People v Russo*, 283 AD2d 910 [2001], *lv dismissed* 96 NY2d 867 [2001]). We therefore hold the case, reserve decision and remit the matter to Supreme Court for a reconstruction hearing on those issues. Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.