THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL L. CRUZ, Appellant. [870 NYS2d 196]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1]). We previously held the case, reserved decision and remitted the matter to Supreme Court for a reconstruction hearing on the issues whether there was a jury note requesting an exhibit and, if so, what action the court took with respect to that note (*People v Cruz*, 42 AD3d 901 [2007]). During the course of the reconstruction hearing, defendant and the prosecutor agreed that the jury note in question requested the written statement of defendant that was marked as a court exhibit but was not admitted in evidence. The court expressed doubt that the written statement was in fact submitted to the jury, both because the court had not been advised of the jury note and because the court typically did not provide the jury with court exhibits. We conclude that the absence of a court response to the jury note in the record of the reconstruction hearing does not constitute reversible error. There is no reasonable basis upon which to conclude that the absence of a response resulted in the requisite serious prejudice to defendant to warrant reversal (*cf. People v Lourido*, 70 NY2d 428, 435 [1987]; *see generally People v Agosto*, 73 NY2d 963, 966 [1989]).

Defendant further contends that the court committed reversible error by providing the jury with the written statement that was the subject of the jury note. We reject that contention, inasmuch as there is no indication in the record of the reconstruction hearing that the jury was provided with that statement (*cf. People v Bouton*, 50 NY2d 130, 137 [1980]). Indeed, the court stated that it generally withheld court exhibits from the jury, and "[t]here is a presumption of regularity that attaches to judicial proceedings . . . that . . . may be overcome only by substantial evidence to the contrary" (*People v Chacon*, 11 AD3d 906, 907 [2004], *lv denied* 3 NY3d 755 [2004]; *see People v Foster*, 1 NY3d 44, 48 [2003]). Defendant failed to rebut that presumption at the reconstruction hearing. In any event, even assuming, arguendo, that the statement was provided to the jury, we conclude that the error in providing the jury with an exhibit that was not admitted in evidence would have been harmless inasmuch as the police officer to whom the statement was made testified at trial with respect to the substance of the assertions therein (*cf. Bouton*, 50 NY2d at 137).

We have considered the remaining contentions of defendant and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey and Gorski, JJ.