THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATISHA LINDSAY, Appellant. [889 NYS2d 462]—

The challenged portion of the court's response to a note from the deliberating jury indicating an inability to agree on a verdict was not prejudicial (*see generally People v Agosto*, 73 NY2d 963, 966-967 [1989]). The court's statement that the jury could start "at the bottom," and that it could begin, "for instance," with the relatively simple issue of whether defendant entered the premises where the crime occurred, did not suggest that defendant was at least guilty of burglary even if she was not guilty of the homicide charges also submitted, or imply that entry is the only element of burglary. There is no reasonable possibility that the jurors could have been misled along these lines.

Defendant did not preserve her challenge to the court's response to another note inquiring about the ramifications with respect to evidence of defendant's statements if it disbelieved the investigating detective's testimony, and we decline to review it in the interest of justice. As an alternative holding, we likewise find that the response was not prejudicial. When read together with the court's main charge on voluntariness of statements, the response gave the jury appropriate guidance. We also reject defendant's argument that her attorney rendered ineffective assistance by failing to except to this supplemental instruction. Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.