[927 NE2d 542, 901 NYS2d 122]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL L. CRUZ, Appellant.

Argued February 18, 2010; decided April 6, 2010

### APPEARANCES OF COUNSEL

*Timothy P. Donaher, Public Defender*, Rochester (*James Eckert* of counsel), for appellant.

*Michael C. Green, District Attorney*, Rochester (*Stephen X. O'Brien* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered.

Defendant was charged with two counts of assault in the first degree for allegedly stabbing two men during a brawl outside a bar. At trial, defendant interposed the defense of misidentification. During deliberations, the jury submitted a note requesting to see the written statement prepared by a police officer and signed by defendant in which he made certain admissions. Although the exhibit was ostensibly only to be used to refresh the police officer's recollection, Supreme Court received and marked this exhibit in evidence over the objection of defense counsel. Later, Supreme Court, outside the presence of the jury, reversed its ruling and determined that this written statement was not evidence, re-marking it as a court exhibit. Supreme Court failed to instruct the jury accordingly, however. The jury retired to deliberate and first requested certain exhibits that had been marked in evidence, which were provided.* Later, the jury requested to see the written statement signed by defendant, which it also believed was in evidence. Nothing in the record suggests that the judge received the jury note or discussed its contents with the parties.

Defendant appealed from the judgment convicting him of two counts of first-degree assault citing a violation of CPL 310.30 and *People v O'Rama* (78 NY2d 270 [1991]). The Appellate Division initially reserved decision on defendant's appeal and remitted the case to Supreme Court for a reconstruction hearing to determine "whether there was a jury note and, if so, what

---

* Indeed, the record in this case reflects that, prior to the commencement of deliberations, the parties agreed to allow the jury to review exhibits admitted in evidence upon its request.

action was taken with regard to the jury note" (*People v Cruz*, 42 AD3d 901 [4th Dept 2007] [internal quotation marks, brackets and citations omitted]).

At the reconstruction hearing, the trial judge stated that he had no independent recollection of receiving the particular jury note at issue. He discussed his standard practice with the parties and noted that he generally allows juries to review exhibits admitted in evidence upon their request without reconvening, provided that the parties are in agreement as they were here. Significantly, he stated that, had he been told that the jury in this case requested a court exhibit not in evidence, he would have reconvened the proceeding in the presence of defendant. The Appellate Division, applying the presumption of regularity, affirmed the judgment (*People v Cruz*, 57 AD3d 1453 [4th Dept 2008]).

Typically, "[a] presumption of regularity attaches to judicial proceedings" (*People v Velasquez*, 1 NY3d 44, 48 [2003]; *see also People v Harrison*, 85 NY2d 794, 796 [1995]). Here, the Appellate Division erred in holding that the presumption had not been overcome. The record shows that there was a significant, unexplained irregularity in the proceedings in that defendant established that the jury requested an exhibit not in evidence; it was reasonable for the jury to believe the exhibit to be in evidence, since it heard the trial court receive the item, but was not privy to the court's subsequent reversal of that ruling; and the request was never brought to the judge's attention. Thus, there is no basis in the record to conclude that the jury was informed by anyone that the item was not in evidence, and the jury may have received the exhibit in error.

We conclude that defendant met his burden of rebutting the presumption of regularity by substantial evidence. That evidence includes the trial judge's statement at the reconstruction hearing that he never saw the note, that he did not reconvene with counsel, and that he did not know if the exhibit was ever shown to the jury. Nor can we agree with the Appellate Division's determination that, even if the jury received this unadmitted exhibit in error, such error was harmless, since the exhibit contradicted defendant's misidentification defense at trial (*cf. People v Bouton*, 50 NY2d 130, 137 [1980]).

We need not reach defendant's remaining arguments.

Chief Judge LIPPMAN. (concurring). At trial, each of the two assault victims gave testimony to the effect that defendant

stabbed him outside a "little bar" in Rochester on the night of February 2, 2003. In addition, the arresting officer testified that upon arriving at the scene he observed defendant with a knife in his hand. Defendant and his father, on the other hand, testified that defendant had been misidentified—that a fight had broken out inside the bar and that defendant, his father and his uncle were attempting to extricate themselves and leave the scene when the police arrived. Defendant denied possessing a knife or stabbing anyone on the occasion charged.

After his arrest, defendant gave a statement to a police officer. The statement, as transcribed by the officer, included the phrase, "I took the knife from him and started kicking his ass." Defendant disputed whether he had, in fact, said this and in pretrial proceedings it was stipulated, in lieu of a *Huntley* hearing, that the statement could be used to impeach defendant but would not be admissible for the truth of the matter asserted on the People's case. Defendant was confronted with the above-quoted portion of his statement on cross-examination and immediately afterward the prosecutor requested that the entire statement, which had been marked for identification as exhibit 28, be admitted in evidence for the jury's examination. The court, over defendant's objection and in the presence of the jury, purported to accede to this request. Subsequently, after defendant's re-direct testimony and out of the jury's presence, the court said it had been mistaken and that it had not intended to receive exhibit 28 as evidence. Although the exhibit was, accordingly, not received, the jury was not advised that the evidentiary ruling announced in its presence had been countermanded.

On the People's rebuttal case, the police officer who had taken defendant's statement testified, and in connection with his testimony the prosecutor again sought admission of the statement. The court responded, "At the present time I will receive it only as a Court Exhibit," and directed that the statement be marked "Court Exhibit 1."

The record reflects that the jury, while deliberating, sent the court a note requesting a readback of certain testimony and to see specified evidentiary exhibits. The court directed that the note be marked "Court Exhibit 2." The note was read to and discussed with counsel and afterward the jury was advised that the requested testimony would be read back by the court reporter. As to the exhibits, the court stated that he assumed that they had already been delivered.

There is nothing in the trial minutes indicating that any further communication was received from the jury until it informed the court that it had reached a verdict.

In preparing defendant's appeal, counsel found among the trial exhibits a jury note marked as "Court Exhibit 3" in which the "report signed by Angel Cruz" was requested. Defendant argued that, inasmuch as there was no indication that the note was disclosed to counsel or responded to by the court, the requirements of CPL 310.30 and *People v O'Rama* (78 NY2d 270 [1991]) had not been met. Defendant contended that this failure constituted a mode of proceedings error involving a matter of substance and that reversal was therefore required (*see id.*). Although noting that "it appears on the record before us that there was a jury note" and that "the record is silent with respect to the court's response to the note," the Appellate Division did not conclude that there had been a mode of proceedings error, as defendant urged; it instead held the appeal in abeyance and remitted the matter for a reconstruction hearing to determine if there was a jury note and what, if anything, was done in response to any such note (42 AD3d 901 [4th Dept 2007]).

At the subsequently held "reconstruction hearing" (really just a conversation between the court and counsel with some testimony from the court reporter), no one had any independent recollection of the events at issue, which had transpired some four years before. The court was of the view that the trial had been accurately recorded and, although he had no memory at all of the events in question, he thought it probable that he never received the jury note. He initially expressed the view that the requested exhibit must simply have been given to the jury as a matter of course. But, upon being reminded by counsel that the exhibit had not been received in evidence, he said that, in that case the exhibit would not have been given to the jury, because that wasn't done. The court did say, however, that if he had been given the note, "we would have reconvened because it's not a People's exhibit, it's not a defense exhibit." At the hearing's conclusion, the court offered the unsolicited view that, in the absence of substantial evidence to the contrary, the presumption of regularity would require the conclusion that the jury had not been given the unadmitted court exhibit.

The record of this very useful exercise in hand, the Appellate Division resumed its consideration of defendant's appeal. The court affirmed defendant's convictions, concluding that although there had been a jury note and the note had not been addressed by the trial court, the defendant had not been seriously prejudiced as a result. In reaching this conclusion the Appellate

Division relied on pre-*O'Rama* decisions, evidently requiring a showing of "serious prejudice," whose continued vitality is marginal at best after *O'Rama* (*see O'Rama*, 78 NY2d at 279 [rejecting People's argument in reliance upon *People v Agosto* (73 NY2d 963, 966 [1989]) and *People v Lourido* (70 NY2d 428, 435 [1987]) that a showing of specific prejudice was essential to support reversal for noncompliance with CPL 310.30]), and found significant the trial court's statements to the effect that unadmitted court exhibits were not typically given to the jury (57 AD3d 1453 [4th Dept 2008]).

I agree with and join in the result the Court has reached directing a reversal and a new trial, but the outcome of this appeal should not turn upon whether the jury was given the unadmitted court exhibit, something which we cannot know on this record and upon which the presumption of regularity manifestly does not shed any light. The fundamental problem in this case is that there is no record as to how the jury note requesting an unadmitted, potentially inculpatory statement by defendant was dealt with. This is precisely the kind of problem that compliance with CPL 310.30 and *People v O'Rama* is meant to obviate and there appears no reason why this appeal should not be decided on the ground that those authorities were not complied with; the completely dispositive issue properly before us is whether defendant's right to be present and participate in his defense with the assistance of counsel was violated by the patent absence of any notice to defendant and his counsel of the jury note or of an opportunity to be heard in accordance with the mandate of CPL 310.30 and *O'Rama*.

There was not at the time of defendant's trial in 2003 any question as to what a trial court must do upon receiving a jury note requesting instruction on a substantive matter. CPL 310.30 and *People v O'Rama*, decided more than a decade before, are painstakingly clear in this regard: notice to counsel and an opportunity to be heard as to how the jury's inquiry should be dealt with are indispensable in satisfaction of a defendant's basic entitlement to be present and participate with the assistance of counsel at all critical stages of the trial, and their denial will ordinarily be viewed as inherently prejudicial and reversible, even where there is no showing of specific prejudice (*O'Rama*, 78 NY2d at 279-280). The trial court was well aware of this and, in fact, stated at the reconstruction hearing that, if he had received the jury note requesting an unadmitted exhibit, he would have reconvened the trial and addressed the note with counsel.

As the trial court retrospectively recognized, the inquiry was plainly upon a matter of substance. The jury's request for defendant's statement suggested rather strongly that it believed defendant's entire transcribed post-arrest statement had been admitted as evidence and should therefore be available to it. Indeed, the jury must have so concluded from the court's apparent grant in its presence of the prosecutor's request that the statement be received in evidence—an evidentiary ruling never to its knowledge retracted. Any competent defense counsel, upon learning of such a request for an unadmitted, potentially inculpatory statement by his or her client, would at a minimum urgently request that the jury be instructed by the court that the statement was not in evidence. The People's contention that the jury note would not have merited discussion, is, in the present context, untenable.

Nor should it avail the People or deter this Court in applying *O'Rama* that the note may not have been brought to the trial judge's attention. Here, it should be noted parenthetically that the presumption of regularity works very much against the inference the People would draw, since it would appear highly irregular that the court, having directed that the prior jury note be marked "Court Exhibit 2," would have had no part at all in the marking of the jury note at issue as "Court Exhibit 3"; it does not seem likely that the exhibit became a "court exhibit" without the court's knowledge.* In any case, even if the jury note had been dealt with entirely by nonjudicial court personnel, who either supposed wrongly that the note sought an admitted exhibit, which could simply be given to the jury without further ado, or equally wrongly supposed, as the People do now, that the note raised no properly judicial concerns, the result from the defendant's perspective is the same. Whether by reason of the actions of the trial judge or nonjudicial court personnel, defendant was denied notice of and the opportunity to participate in framing a response to a jury inquiry upon a substantive matter, and the jury went uninstructed upon that matter, which, involving as it did an issue as crucial as the admissibility of defendant's post-arrest statement to the police—an issue that was supposed to have been resolved by stipulation in lieu of a *Huntley* hearing—was quintessentially one that required a "meaningful" response from the trial court under this Court's precedents (*see O'Rama*, 78 NY2d at 276; *People v Malloy*, 55 NY2d 296, 301 [1982]).

---

* The court, of course, also directed that the first court exhibit, defendant's statement, be marked as such.

Judges GRAFFEO, READ, SMITH and PIGOTT concur in memorandum; Chief Judge LIPPMAN concurs in result in an opinion in which Judges CIPARICK and JONES concur.

Order reversed, etc.

[926 NE2d 593, 900 NYS2d 239]

JOHN R. LINTON et al., Respondents, v MUHAMMAD NAWAZ et al., Appellants.

Decided April 6, 2010

### APPEARANCES OF COUNSEL

*Baker, McEvoy, Morrissey & Moskovits, P.C.*, New York City (*Stacy R. Seldin* of counsel), for appellants.

*Law Offices of Mark S. Gray*, New York City (*Peter J. Eliopoulos* of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

In this personal injury case in which a taxi struck the plaintiff, the evidence plaintiff proffered relating to injuries to his right shoulder and lumbosacral spine raised a triable question of fact as to whether he suffered a serious injury that was causally related to the accident under the permanent consequential limitation of use of a body organ or member and/or significant limitation of a body function or system criteria (*see* Insurance Law § 5102 [d]). Since plaintiff established that at least some of his injuries meet the "no-fault" threshold, it is unnecessary to address whether his proof with respect to other injuries he allegedly sustained would have been sufficient to withstand defendants' motion for summary judgment.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, etc.

In the Matter of ARCELORMITTAL LACKAWANNA LLC et al., Respondents, v CITY OF LACKAWANNA, Respondent, and CITY OF LACKAWANNA SCHOOL DISTRICT, Intervenor-Respondent. COUNTY OF ERIE, Proposed Intervenor-Appellant.

Submitted February 16, 2010; decided April 6, 2010

Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the proceeding within the meaning of the Constitution.

GEORGE BROWN et al., Respondents, v REINAUER TRANSPORTATION COMPANIES, LLC, et al., Appellants.

Submitted January 25, 2010; decided April 6, 2010

Motion, insofar as it seeks leave to appeal from the Appellate Division order denying reargument or, in the alternative, leave to appeal to the Court of Appeals, dismissed upon the ground that such order does not finally determine the action within the meaning of the Constitution; motion for leave to appeal otherwise denied.

CHARLES CHRISTIANO et al., Appellants, v SOLOVIEFF REALTY Co., L.L.C., et al., Respondents, et al., Defendant. (And a Third-Party Action.)

Submitted February 1, 2010; decided April 6, 2010

Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution (*see Paglia v Agrawal*, 69 NY2d 946 [1987]).

CONTINENTAL CASUALTY COMPANY et al., Appellants, v PRICEWATERHOUSECOOPERS, LLP, Respondent.

EAGLE PARTNERS, L.P., et al., Appellants, v PRICEWATERHOUSECOOPERS, LLP, Respondent.

JEREMY M. JONES et al., Appellants, v PRICEWATERHOUSECOOPERS, LLP, Respondent.

Submitted March 8, 2010; decided April 6, 2010

Motion to enlarge the record on appeal herein granted.

Chief Judge LIPPMAN taking no part.

PATRICIA J. CURTO, Appellant, v PETER P. VASILION et al., Respondents.

Submitted March 1, 2010; decided April 6, 2010

Motion for reargument etc. denied [see 13 NY3d 716 (2010)].

In the Matter of E., an Applicant for Admission to the Bar, Appellant. COMMITTEE ON CHARACTER AND FITNESS, Respondent.

Decided April 6, 2010

Appeal dismissed, without costs, by the Court of Appeals, sua sponte, upon the ground that no substantial constitutional question is directly involved.

In the Matter of ELENA D.B. PATRICK J. CARR et al., Respondents; ELENA B.S. et al., Appellants. ANNE PENACHIO et al., Nonparty-Respondents.

Decided April 6, 2010

Appeal dismissed, without costs, by the Court of Appeals, sua sponte, upon the ground that no substantial constitutional question is directly involved.

INTER-CITY TIRE AND AUTO CENTER, INC., a New Jersey Corp., Appellant, v STERLING NATIONAL BANK et al., Respondents.

Submitted February 1, 2010; decided April 6, 2010

Motion, insofar as it seeks leave to appeal from the Appellate Division order denying a motion to vacate, dismissed upon the ground that such order does not finally determine the action within the meaning of the Constitution; motion, insofar as it seeks leave to appeal from the Appellate Division order dismiss-

ing the appeal, dismissed as untimely (*see* CPLR 5513 [b]). Cross motion for the imposition of sanctions denied.

---

CONSTANTINEE L. JACKSON, Appellant, v STATE OF NEW YORK, Respondent.

Decided April 6, 2010

Appeal dismissed, without costs, by the Court of Appeals sua sponte, upon the ground that the order appealed from does not finally determine the action within the meaning of the Constitution.

---

In the Matter of LARRY TT. JAMES CONWAY, as Superintendent of Attica Correctional Facility, et al., Respondents; LARRY TT., Appellant. (Proceeding No. 1.)

In the Matter of STATE OF NEW YORK, Respondent, v LARRY TT., Appellant. (Proceeding No. 2.)

Submitted January 19, 2010; decided April 6, 2010

Motion, insofar as it seeks leave to appeal from that portion of the Appellate Division order that affirmed the denial of appellant's motion to dismiss the Mental Hygiene Law article 10 proceeding, dismissed upon the ground that such portion of the order does not finally determine the proceeding within the meaning of the Constitution; motion for leave to appeal otherwise denied.

---

In the Matter of the Claim of DAVID S. MALONE, Appellant, v VRD DECORATING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Submitted February 16, 2010; decided April 6, 2010

Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the proceeding within the meaning of the Constitution.

PETER MCCLUSKEY, Appellant, v GABOR AND GABOR et al., Respondents.

Decided April 6, 2010

Appeal dismissed, without costs, by the Court of Appeals, sua sponte, upon the ground that the order appealed from does not finally determine the action within the meaning of the Constitution.

In the Matter of NGOYI PAUL NGOYI, an Attorney, Appellant. COMMITTEE ON PROFESSIONAL STANDARDS, Respondent.

Decided April 6, 2010

Appeal dismissed, without costs, by the Court of Appeals, sua sponte, upon the ground that the order appealed from does not finally determine the proceeding within the meaning of the Constitution.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMO-TEO RAMIREZ, Appellant.

Submitted March 1, 2010; decided April 6, 2010

Motion for assignment of counsel granted and Norman A. Olch, Esq. relieved as counsel and Diane V. Bruns, Esq., care of Schlather, Stumbar, Parks & Sack, 200 E. Buffalo Street, Ithaca, New York 14850 assigned as counsel to the appellant on the appeal herein in his stead.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMO-TEO RAMIREZ, Appellant.

Submitted March 8, 2010; decided April 6, 2010

Motion to vacate this Court's February 16, 2010 dismissal order granted [see 14 NY3d 769 (2010)].

In the Matter of ZHUANG LI CAI, Appellant, v M.D. JAMIL UDDIN, Respondent.

Submitted March 1, 2010; decided April 6, 2010

Motion for reargument of motion for leave to appeal denied [*see* 13 NY3d 715 (2010)].

[926 NE2d 1228, 900 NYS2d 723]

L&L PAINTING CO., INC., et al., Appellants, v CONTRACT DISPUTE RESOLUTION BOARD OF THE CITY OF NEW YORK et al., Respondents.

Decided April 29, 2010

828

**APPEARANCES OF COUNSEL**

*Georgoulis & Associates PLLC*, New York City (*Michael Mc-Dermott* of counsel), for appellants.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Alan G. Krams* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs. The City of New York Contract Dispute Resolution Board rationally determined that a discrepancy between a diagram and notes on the contract drawing that is the subject of this dispute created an ambiguity in the contract terms, which petitioner L&L Painting Co., Inc. failed to clarify prior to bidding as the contract required. Therefore, the Board rationally disapproved the claim for additional compensation.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.

[927 NE2d 1062, 901 NYS2d 578]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ACEVEDO, Appellant.

Argued March 22, 2010; decided April 29, 2010

### APPEARANCES OF COUNSEL

*Law Offices of Mickey A. Steiman,* Hyde Park (*David L. Steinberg* of counsel), for appellant.

*William V. Grady, District Attorney,* Poughkeepsie (*Bridget Rahilly Steller* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

On November 7, 1997, County Court rendered judgment convicting defendant of criminal possession of a controlled substance in the first degree, an A-I drug felony, for which he received an indeterminate prison term of 15 years to life; criminal sale of a controlled substance in the third degree, for which he received an indeterminate prison term of $12\frac{1}{2}$ to 25 years;

criminal possession of a controlled substance in the third degree, for which he received an indeterminate prison term of 12½ to 25 years; and criminal possession of a weapon in the third degree (two counts), for which he received a determinate prison term of five years on each count. The sentences for the drug possession and sale convictions were imposed to run concurrently. The weapon possession convictions were imposed to run concurrently with each other, but consecutively to the drug convictions. By order entered August 23, 1999, the convictions and sentences were affirmed by the Appellate Division (*People v Acevedo*, 258 AD2d 140 [2d Dept 1999]). A Judge of this Court denied defendant leave to appeal from this order (94 NY2d 819 [1999]).

In 2005, defendant moved before County Court to be resentenced pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23) (DLRA). Defendant argued (1) he was entitled to a reduction of his sentence for the A-I drug felony, and (2) the resentencing court should direct that the sentences imposed for the weapon possession convictions run concurrently to the A-I offense, rather than consecutively. On October 11, 2005, County Court, after a hearing, granted defendant's motion to the extent of reducing the sentence for the A-I drug conviction from an indeterminate prison term of 15 years to life to a determinate prison term of 15 years (and five years' postrelease supervision). However, the court declined to direct that the other sentences be served concurrently. That is, the court left undisturbed the original sentencing court's direction that the sentences for the weapon possession convictions run consecutively to those imposed for the drug convictions. By order entered April 7, 2009, the Appellate Division affirmed the resentence (61 AD3d 692 [2d Dept 2009]). A Judge of this Court granted defendant leave to appeal from this order (12 NY3d 912 [2009]).

At issue is whether the trial court had authority to modify the conditions of a sentence by changing its terms from consecutive to concurrent once it granted defendant's DLRA application for resentencing. Defendant argues that the court is so empowered pursuant to Penal Law § 70.25 (1), which reads as follows:

> "[W]hen multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of

imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence."

Defendant further argues that the sentencing court, in adjusting the term of imprisonment pursuant to the DLRA, is authorized to change a consecutive sentence to concurrent, as in *Matter of Murray v Goord* (1 NY3d 29 [2003]), where we held that the sentencing discretion of Penal Law § 70.25 (1) devolves on the last judge in the sentencing chain.

Defendant's reliance on Penal Law § 70.25 (1) and *Murray v Goord* is misplaced. The purpose of the DLRA is to ameliorate the harsh sentences required by the original Rockefeller Drug Law. When a court imposes a reduced sentence under the amended statute it does not impose an "additional term of imprisonment" as contemplated by Penal Law § 70.25 (1). Nor is the DLRA proceeding used to modify the original term of resentence as occurred in *Murray v Goord*. The DLRA proceeding is meant to effect an alteration of the existing sentence as authorized by law. As such, "a court that resentences a defendant pursuant to the 2004 DLRA does not possess the authority, conferred by Penal Law § 70.25 (1), to determine whether the sentence is to be served concurrently or consecutively with respect to other sentences" (*People v Vaughan*, 62 AD3d 122, 128 [2d Dept 2009]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.

CAYUGA INDIAN NATION OF NEW YORK, Respondent, v DAVID S. GOULD, Cayuga County Sheriff, et al., Appellants.

Submitted April 26, 2010; decided April 29, 2010

Motion for renewal granted and, upon renewal, motion by Day Wholesale, Inc. for leave to file a brief amicus curiae on the appeal herein granted and the proposed brief is accepted as filed. Three copies of the brief must be served and an original and 24 copies filed within five days.

JOEHAU COLLAZO, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants, et al., Defendants.

Submitted February 22, 2010; decided April 29, 2010

Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution.

RICHARD DOIN et al., Respondents, v CHAMPLAIN BLUFFS DEVELOPMENT CORPORATION, Appellant, et al., Defendants.

Submitted February 16, 2010; decided April 29, 2010

Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution.

JOHN GIORDANO, Appellant, v MARKET AMERICA, INC., et al., Respondents.

Decided April 29, 2010

Certification of questions by the United States Court of Appeals for the Second Circuit, pursuant to section 500.27 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.27), accepted and the issues presented are to be considered after briefing and argument.

Concur: Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES.

HOWARD HOFFMAN, Respondent, v PARADE PUBLICATIONS et al., Appellants.

Submitted April 26, 2010; decided April 29, 2010

Motion by National Employment Lawyers Association/New York et al. for leave to appear amici curiae on the appeal herein

granted only to the extent that the proposed brief is accepted as filed.

Kimberly Hurrell-Harring et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v State of New York et al., Respondents.

Submitted March 29, 2010; decided April 29, 2010

Motion by Pro Bono Publico Bar Association, Inc. for leave to file a brief amicus curiae on the appeal herein dismissed as untimely (see Rules of Ct of Appeals [22 NYCRR] § 500.23 [a] [1] [iii]).

In the Matter of Kese Industries et al., Respondents, v Roslyn Torah Foundation et al., Appellants, et al., Respondents.

Submitted March 15, 2010; decided April 29, 2010

Motion to vacate this Court's February 16, 2010 preclusion order granted.

In the Matter of Kips Bays Towers Condominium, Appellant, v Commissioner of Finance et al., Respondents.

Submitted February 16, 2010; decided April 29, 2010

Motion by the Council of New York Cooperatives and Condominiums for leave to file a brief amicus curiae on the motion for leave to appeal herein granted and the brief is accepted as filed.

Alice Kramer, Respondent, v Phoenix Life Insurance Co. et al., Defendants. Lifemark S.A., Intervenor-Appellant.

Decided April 29, 2010

Certification of a question by the United States Court of Appeals for the Second Circuit, pursuant to section 500.27 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.27),

accepted and the issues presented are to be considered after briefing and argument.

Concur: Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT APONTE, Appellant.

Submitted April 26, 2010; decided April 29, 2010

Motion for assignment of counsel granted and Steven Banks, Esq., the Legal Aid Society, 199 Water Street, New York, NY 10038 assigned as counsel to the appellant on the appeal herein.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAREEF EVANS, Appellant.

Submitted April 26, 2010; decided April 29, 2010

Motion for assignment of counsel granted and Steven Banks, Esq., the Legal Aid Society, 199 Water Street, New York, NY 10038 assigned as counsel to the appellant on the appeal herein.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HASSELL, Appellant.

Submitted March 29, 2010; decided April 29, 2010

Motion for assignment of counsel granted and Robert S. Dean, Esq., Center for Appellate Litigation, 74 Trinity Place, 11th Floor, New York, NY 10006 assigned as counsel to the appellant on the appeal herein.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HECKER, Appellant.

Submitted March 29, 2010; decided April 29, 2010

Motion for assignment of counsel granted and Robert S. Dean, Esq., Center for Appellate Litigation, 74 Trinity Place, 11th Floor, New York, NY 10006 assigned as counsel to the appellant on the appeal herein.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HADJI S. HILL, Appellant.

Submitted April 5, 2010; decided April 29, 2010

Motion for assignment of counsel granted and Timothy P. Donaher, Esq., Monroe County Public Defender, 10 N. Fitzhugh Street, Rochester, New York 14614 assigned as counsel to the appellant on the appeal herein.

* Denied upon second application for reconsideration with leave to renew within 30 days after the Court of Appeals renders a decision in *People v Correa* (70 AD3d 532 [2010]).