Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 20, 1993. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.
It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Following a jury trial in 1993, defendant was convicted of murder in the second degree (Penal Law § 125.25 [1]). On direct appeal, defendant raised a number of contentions, one of which challenged the admissibility of identification testimony admitted at trial. Although we initially reserved decision and remitted the matter to County Court for a hearing on the issue whether an identification procedure employed by the police was confirmatory (People v Kahley, 214 AD2d 960 [1995]), we ultimately affirmed the judgment of conviction (People v Kahley, 227 AD2d 934 [1996], lv denied 89 NY2d 925 [1996]). In 2009, defendant moved for a writ of error coram nobis, asserting that his appellate attorney was ineffective for failing to raise an issue on difect appeal that would have resulted in reversal, i.e., that the court, in violation of CPL 310.30, failed to notify him of the contents of a note received from the jury during its deliberations. We granted the writ (People v Kahley, 60 AD3d 1438 [2009]) and now consider the appeal de novo. On this appeal, defendant contends, inter alia, that he is entitled to a new trial due to the court’s failure to comply with CPL 310.30.
The relevant law is well settled. CPL 310.30 (1) provides generally that, upon receiving a note from the jury during deliberations requesting further instruction or information, “the court *1323 must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper.” In People v O’Rama (78 NY2d 270 [1991]), which was decided two years before defendant’s trial, the Court of Appeals provided more detailed instructions for the handling of jury notes. The Court advised that, “whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel. Such a step would ensure a clear and complete record, thereby facilitating adequate and fair appellate review. After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses . . . [T]he trial court should ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to the potentially harmful information. Finally, when the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry and, in cases where the communication was sent by an individual juror, the rest of the jury panel can appreciate the purpose of the court’s response and the context in which it is being made” {id. at 277-278). In O’Rama, the Court concluded that the trial court’s failure to disclose the contents of a jury note to defendant was a mode of proceedings error that required reversal even in the absence of an objection {id. at 279), reasoning that the court’s error “deprived [defendant] of the opportunity to have input, through counsel or otherwise, into the court’s response to an important, substantive juror inquiry” {id. at 279-280).
In subsequent cases, the Court made clear that not all O’Rama violations constitute mode of proceedings errors (see People v Ramirez, 15 NY3d 824, 825-826 [2010]; People v Kisoon, 8 NY3d 129, 134-135 [2007]; People v Starling, 85 NY2d 509, 516 [1995]). The only errors that require reversal in the absence of preservation are those that go to the trial court’s “core responsibilities” under CPL 310.30, such as giving notice to defense counsel and the prosecutor of the contents of a jury note (People v Tabb, 13 NY3d 852, 853 [2009]).
Here, after the jury had been deliberating for approximately two hours, the court stated on the record, “We have received an additional note requesting [the testimony of Simmons and Carmichael concerning] who left the house before the shots *1324 were fired.” We note that, although the court referred to an “additional note,” there is no indication in the record that a prior note had been sent by the jury. Once the jury was returned to the courtroom, the court stated, “Ladies and gentlemen, the court reporter has been preparing her notes and she will now read to you the testimony of Dr. Albert and . . . Rucker. After that testimony, we’ll excuse you to have your lunch and to have the court reporter further prepare her notes and then resume with the testimony of the other witnesses approximately one hour later. Go ahead.”
The record reflects that the court reporter then read testimony of Dr. Albert and Rucker to the jury, but the record does not identify what portion of the testimony was read. The jury was then excused for lunch. Approximately an hour and a half later, the jury was returned to the courtroom and informed by the court that the court reporter was prepared to read the testimony of Simmons and Carmichael, as well as the testimony of Weaver, who testified for the prosecution that he was with defendant when the fatal shot was fired. The court’s reference to Weaver’s testimony is the first indication in the record that the jury had requested a readback of his testimony. The requested testimony of those three witnesses was read to the jury, which later rendered a guilty verdict.
There can be no dispute that the court failed to follow several of the procedures outlined in O’Rama. For instance, the court failed to mark any of the jury notes as exhibits and did not read the notes into the record. Defendant, however, did not object to the court’s handling of the jury notes and, thus, his contention that the court violated CPL 310.30 is unpreserved for our review (see CPL 470.05 [2]). As defense counsel correctly conceded at oral argument of this appeal, the court did not commit mode of proceedings errors in failing to mark the jury notes as exhibits and to read them into the record. Because CPL 310.30 does not mandate the marking and reading of notes into the record, it logically follows that those are not among the court’s “core responsibilities” under the statute (Tabb, 13 NY3d at 853; cf. People v Weaver, 89 AD3d 1477, 1478-1479 [2011]). We perceive no basis to review defendant’s unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant nevertheless contends that he is entitled to a new trial because the court committed a mode of proceedings error for which preservation is not required in failing to advise him of the contents of what appears to have been the first note sent by the jury, i.e., the note requesting a readback of testimony from *1325 Dr. Albert and Rucker, and possibly Weaver. In response, the People suggest that notice of the first note was provided to defendant off the record, as evidenced by the fact that defense counsel remained silent when informed by the court that it had received an “additional note” to that sent requesting the testimony of Simmons and Carmichael. Because the court failed to follow the O’Rama procedures, however, it cannot be said with certainty whether defense counsel received such notice off the record, and we decline to resolve the issue based on inference and conjecture.
Because it is unclear from the record whether defendant was notified of the contents of the jury note or notes requesting a readback of the testimony of Dr. Albert, Rucker and Weaver, we hold the case, reserve decision and remit the matter to County Court for a reconstruction hearing on that issue (see People v Martinez, 186 AD2d 14, 14-15 [1992]; see generally People v Cruz, 42 AD3d 901, 901 [2007]; People v Russo, 283 AD2d 910 [2001], lv denied 96 NY2d 867 [2001]).
We agree with the dissent that the core requirements of CPL 310.30 are triggered only by a “substantive juror inquiry” 0O’Rama, 78 NY2d at 280). We further agree that a request by the jury for a readback of the entire testimony of a witness is not a substantive inquiry, inasmuch as the appropriate response from the court to such a note is “obvious” (People v Lockley, 84 AD3d 836, 838 [2011], lv denied 17 NY3d 807 [2011]; see generally People v Alcide, 95 AD3d 897, 898 [2012], lv granted 19 NY3d 956 [2012] [“Since the jury merely requested read-backs of certain trial testimony, the alleged error did not constitute a mode of proceedings error which would obviate the preservation requirement”]; People v Gerrara, 88 AD3d 811, 812-813 [2011], lv denied 18 NY3d 957 [2012], cert denied 568 US —, 133 S Ct 857 [2013]; People v Bryant, 82 AD3d 1114, 1115 [2011], lv denied 17 NY3d 792 [2011]).
On this record, however, it cannot be determined whether the jury requested the entire testimony of witnesses Dr. Albert, Rucker and Weaver. Indeed, the dissent acknowledges as much, stating that “we can infer from the transcript” that the jury requested the entire testimony of those witnesses. The dissent must resort to inference here because, as noted, the court failed to comply with the O’Rama procedures by marking the note as an exhibit and reading it into the record. In any event, we do not believe that the inference drawn by the dissent is supported by the transcript.
If the jury requested only a portion of any of the witnesses’ testimony, a mode of proceedings error would have occurred if *1326 the court failed to notify defense counsel of the jury note, considering that input from defense counsel would have been helpful in determining what portions of the testimony should be included in the readback. In our view, given the incomplete nature of the record, the issue whether the jurors requested a readback of the entire testimony of the witnesses in question also should be resolved at the reconstruction hearing, assuming, of course, that the court first determines that notice of the unrecorded note was not in fact given to defense counsel.
We have reviewed defendant’s remaining contentions and conclude that none warrants modification or reversal of the judgment.
All concur except Smith, J.E, and Peradotto, J., who dissent and vote to affirm in the following memorandum.