Smith, J.
(dissenting in People v Silva and concurring in People v Hanson). We have never previously applied the automatic-reversal rule of People v O’Rama (78 NY2d 270 [1991]) in a case where the jury sent a note to which the trial court never responded. O’Rama, and all the cases following it, were cases in which the court responded without complying with the O’Rama protocol. (People v Cruz [14 NY3d 814 (2010)], cited by the majority [majority op at 300], is not an exception; the defendant in Cruz relied on O’Rama, but O’Rama was not the basis for our decision.) Cases in which the jury sends a note and then returns a verdict before the court has answered have always been, and should still be, governed by our decisions in People v Lourido (70 NY2d 428, 435 [1987]) and People v Agosto (73 NY2d 963 [1989]), which require reversal only where the defendant is prejudiced by the failure to respond.
In Lourido, we found an error sufficient, in combination with others, to compel reversal where the jury requested a read-hack of the cross-examination of a key witness, received no response and rendered a verdict some three hours later; we implied that the court should at least have asked the jury, before accepting the verdict, whether it still wanted the testimony read back (id. at 431-433). In Agosto, by contrast, we affirmed a conviction on a jury verdict rendered 20 minutes after two jurors had (in the late morning) sent a note asking that the jury be dismissed before sundown. We found no “significant probability of any prejudice to defendant” (id. at 967).
*302 The majority seems to assume that a case in which a court responds to a jury note without proper input from defense counsel is indistinguishable from one in which the court neither seeks input from defense counsel nor responds at all, and that O’Rama must therefore be read as having superseded Lourido and Agosto. But O’Rama itself distinguished Agosto on the ground that in O’Rama “the trial court did respond to the juror’s inquiry” (O’Rama, 78 NY2d at 280). Perhaps the distinction is a fine one, but it does not seem unreasonable to say that a response tainted by flawed procedure is worse than no response at all. Because I find O’Rama a troubling case, for reasons I have previously explained (see People v Walston, 23 NY3d 986, 990-992 [2014, Smith, J., concurring]), I would not extend it to a situation not clearly within its scope.
Thus I would apply Lourido and Agosto to these cases. The consequences of doing so are not obvious, because the delays here, about an hour in each case, were longer than in Agosto but shorter than in Lourido, and because the juries’ inquiries in these cases, unlike the one in Agosto, were substantive. I would put Silva on the Agosto side of the line: I do not see, under all of the circumstances, a significant possibility that the failure to respond to the jury’s note prejudiced defendant in that case. On the other hand, Hanson, like Lourido, involved a jury request for the read-back of critical testimony, and I cannot say there was no prejudice caused by the court’s failure to respond. Thus I would affirm in Silva, but I concur in the decision to reverse in Hanson.
Lest my silence be taken for acquiescence, I will mention that I still think, as I did when I wrote my concurrence in Walston, that O’Rama’s holding on the question of mode of proceedings error should be reconsidered in a proper case. But I do not think this case presents that issue. The problem I wrote about in Walston was the holding in O’Rama that a failure to follow O’Rama’s teachings is an error exempt from the preservation requirement. Here, there is no indication in the record of either case that defendants ever saw or knew about the jury notes that went unanswered. Thus they cannot be faulted for failing to preserve any error, and whether we should revisit the O’Rama holding on preservation is a question for a future case.
Chief Judge Lippman and Judges Read, Pigott and Rivera concur; Judge Smith dissents in an opinion; Judge AbdusSalaam taking no part.
*303 In People v Silva: Order modified by vacating the conviction of attempted criminal possession of a weapon in the third degree, with leave to the People, if they be so advised, to resubmit a charge of attempted criminal possession of a weapon in the third degree to a new grand jury and, as so modified, affirmed.
Chief Judge Lippman and Judges Read, Pigott and Rivera concur; Judge Smith concurs in result in an opinion; Judge AlBdus-Salaam taking no part.
In People v Hanson: Order reversed and a new trial ordered.